IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ADAM R. BORREGO, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Civil No. 3:04-CV-0175-H |
| | * |
| JIM BOWLES, in his official capacity as | * |
| Sheriff of Dallas County, Texas, | * |
| | * |
| Defendant. | * |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's Motion for Summary Judgment, filed January 27, 2005; Plaintiff's Response, filed February 22, 2005; and Defendant's Reply, filed March 10, 2005. Also before the Court is Defendant's Objection to Plaintiff's Summary Judgment Evidence, filed March 10, 2005.[1] For the following reasons, Defendant's Motion is GRANTED.

**I.   Background**

On March 1, 2002, Plaintiff was arrested for possession of a controlled substance. (Def.'s App. at 26.) On June 14, 2002, the Dallas County Grand Jury issued a no-bill on the charge of possession and the charge was released against Plaintiff. (*Id.*) Plaintiff, however, was not released at this time because Plaintiff was also held pursuant to several misdemeanor charges and a contempt order issued by the 301st Judicial District Court of Dallas County, Texas. (*See id.*) On April 27, 2003, the Dallas County Sheriff's Department received authorization to release Plaintiff on a work

---

[1] Despite a Court order directing Plaintiff to file a Response to Defendant's Objection, Plaintiff failed to do so. The Court finds Defendant's Motion well-taken and hereby strikes Plaintiff's Exhibit A, filed in response to Defendant's Motion.

furlough as to the criminal contempt charge and to release Plaintiff regarding the misdemeanor charges pending against him at that time. (*Id.*)

Plaintiff provides no competent summary judgment evidence. The record establishes that Plaintiff was detained pursuant a valid legal process. (*Id.* at 16, 18, 26.) Plaintiff was released from custody on April 27, 2003. (Id. at 27.) Plaintiff alleges, without competent summary judgment evidence, that Defendant received notice of the release of charges against Plaintiff prior to April 27, 2003. (Pl.'s Compl. at 6-7.) Defendant, however, provides evidence that it did not receive notice of any release of the charges prior to April 27, 2003. (Def.'s App. at 57.)

**II.     Standard**

Summary judgment is appropriate where the facts and law as represented in the pleadings, affidavits and other summary judgment evidence show that no reasonable trier of fact could find for the nonmoving party as to any material fact. FED. R. CIV. P. 56; *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Innovative Database Sys. v. Morales*, 990 F.2d 217 (5th Cir. 1993). "The moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Prop., Inc. v. Potomac Ins. Co. of Ill.*, 140 F.3d 622, 625 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 322-25).

The moving party may meet its initial burden by "by 'showing'– that is, pointing out to the district court – that there is an absence of evidence to support the non-moving party's case." *Celotex*, 477 U.S. at 325. If the movant fails to meet its initial burden, the motion must be denied, regardless of the nonmovant's response. *Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir.

1994). If the movant meets its burden, the nonmovant must go beyond the pleadings and designate specific facts showing that a genuine issue of material fact exists for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Edwards v. Your Credit, Inc.*, 148 F.3d 427, 431 (5th Cir. 1998). A party opposing summary judgment may not rest on mere conclusory allegations or denials in its pleadings unsupported by specific facts presented in affidavits opposing the motion for summary judgment. *See* FED.R.CIV.P. 56(e); *Lujan*, 497 U.S. at 888; *Hightower v. Texas Hosp. Ass'n*, 65 F.3d 443, 447 (5th Cir. 1995).

In determining whether genuine issues of material fact exist, "[f]actual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that a controversy exists." *Lynch*, 140 F.3d at 625; *see also Eastman Kodak v. Image Technical Servs.*, 504 U.S. 451 (1992). However, in the absence of any proof, the Court will not assume or sift through the record to find that the nonmoving party could or would prove the necessary facts. *See Lynch*, 140 F.3d at 625; *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). A party must do more than simply show some "metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "If the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Friou v. Phillips Petroleum Co.*, 948 F.2d 972, 974 (5th Cir. 1991).

**III.   Analysis**

  **A.   Section 1983 Claims**

Plaintiff is, in effect suing Dallas County. (Pl.'s Br. at 2.) Section 1983 suits can only establish municipal liability where it is alleged that a municipal policy, practice or custom exists or may be constructively said to exist which effectively condones a constitutional violation. *See*

3

*Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 308-11 (quoting *Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992)).  Plaintiff's Complaint wholly fails to allege a municipal policy, let alone provide evidence, direct or circumstantial, of such a policy.  Indeed, Defendant's evidence establishes that its policy was to ensure that individuals were lawfully detained.  (See Def.'s App. at 31-52, 57.)  Accordingly, Plaintiff's claims for municipal liability must fail.

Because the Court may not rely on Plaintiff's conclusory statements, the Court finds that no genuine issue of material fact exists regarding when Defendant received authorization to release Plaintiff.  Accordingly, Plaintiff's claim that Defendant acted with "callous indifference" to the constitutional rights of Plaintiff must fail.

Detentions and arrests made pursuant to a valid legal process do not state a claim for deprivation of liberty without due process as a matter of law.  *See Baker v. McCollan*, 443 U.S. 137, 143-45 (1979).  Therefore, Plaintiff has failed, as a matter of law, to establish 42 U.S.C. § 1983 claims of deprivation of liberty without due process of law under the Fifth and Fourteenth Amendments.[2]

Plaintiff has failed to establish a genuine issue of material fact as to his § 1983 claims and Defendant's Motion as to those claims must be GRANTED.

### B.    State Law Claims

The Court, having reviewed the summary judgment materials and finding Plaintiff's state

---

[2] The "Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss or injury to life, liberty or property." *Daniel v. Williams*, 474 U.S. 327, 328 (1986).  Additionally, Texas law affords adequate post-deprivation procedural due process protections. *Martin v. Dallas County*, 822 F.2d 553, 555 (5th Cir. 1987).

4

law claims to arise from the same case or controversy as Plaintiff's federal law claims, elects to retain Plaintiff's pendent state law claims of intentional infliction of emotional distress and false imprisonment under 28 U.S.C. § 1367(a). Plaintiff's state law claims must fail because Texas counties are immune to suit unless Plaintiff's claims implicate the Texas Tort Claims Act. TEX. CIV. PRAC. & REM. CODE § 101.001 *et seq*. The Act specifically excludes a waiver of immunity in suits over intentional torts committed by government employees. TEX. CIV. PRAC. & REM. CODE § 101.057(2); *see also Gillium v. City of Kerrville*, 3 F.3d 117 (5th Cir. 1993). Defendant has not waived its sovereign immunity. Accordingly, Plaintiff's intentional tort claims must fail as a matter of law and Defendant's Motion as to those claims must be GRANTED.

**IV.    Conclusion**

For the foregoing reasons, Defendant's Motion for Summary Judgment is **GRANTED**. Judgment will be entered accordingly.

SO ORDERED.

DATED: April 19, 2005.

_____
BAREFOOT SANDERS, SENIOR JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

5